OPINION
Attorney Bernard R. Davis appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which found him in direct contempt and ordered him to pay $50.00 as a sanction to the Richland County Clerk of Courts. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ABUSED ITS DISCRETION BY SUMMARILY DECLARING APPELLANT IN CONTEMPT AND IMPOSING A FINE AS PUNISHMENT.
ASSIGNMENT OF ERROR NO. 2
 APPELLANT WAS DEPRIVED OF DUE PROCESS OF LAW BY SUMMARY PUNISHMENT FOR CONTEMPT.
 I
The trial court's judgment entry of September 20, 2001, states Attorney Davis appeared for a scheduled pre-trial in inappropriate attire. Attorney Davis was wearing a T-shirt, Bermuda shorts and tennis shoes, which the court found unacceptable. The judgment entry finds Attorney Davis had earlier informed the court he would wear whatever he pleases and that he would not be told how to dress. The judgment entry states Davis was forewarned by the court of the consequences of inappropriate attire.
App.R. 9 (C) states in pertinent part:
 (C) Statement of the evidence or proceedings when no report was made or when the transcript is unavailable.
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
Prior to oral argument, this court ordinarily reviews only the appellate briefs and the judgment entry from which the appeal is taken. At the oral argument herein, the court was first made aware of a statement of the evidence made pursuant to App.R. 9 (C). The document contains numerous facts which, arguably, would require us to sustain appellant's assignments of error, and reverse the trial court's judgment.
Unfortunately, the statement of the evidence is not properly before us. Although there is a certificate of service indicating the statement of the evidence was hand delivered to the court, there is no indication on the docket or on the document that the court reviewed, amended, or approved the document.
In the case of State v. Bell (1992), 78 Ohio App.3d 782, the Court of Appeals for the Fourth District reviewed a State's appeal from a criminal ruling, wherein the prosecutor submitted a statement of proceedings to counsel for defendant, counsel for defendant filed objections, but the court did not settle and approve the record for transmission. The court of appeals concluded the State had failed to meet its burden of showing error by reference to matters in the record, Bell at 782-783, citations deleted.
Where there is no transcript or App.R. 9 (C) statement properly before us, this court cannot review factual allegations not otherwise in the record. We find we are limited to the judgment entry of September 20, 2001.
We have reviewed the judgment, and we find it supports the trial court's ruling. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant urges he was deprived of the due process of law by the summary punishment for contempt. Appellant argues the incident giving rise to this action occurred in chambers, rather than court, and no clients were present.
As stated supra, we are limited to the judgment entry on appeal, and the judgment entry does not state where the incident occurred. We find we must accord the court the presumption of regularity in the absence of demonstrated error.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By GWIN, P.J., WISE, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.